IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SUNRISE BANKS, N.A., a Minnesota corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CARD EXPRESS, INC., a California corporation, and ALAN SAFAHI, an individual,<br><br>    Defendants. | Civil Action No. 0:14-cv-04760-ADM-SER<br>Judge: The Honorable Ann D. Montgomery<br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Card Express, Inc. and Alan Safahi ("Safahi") (collectively "Card Express"), for their Answer to Plaintiff Sunrise Banks, N.A.'s Amended Complaint, state and allege as follows:

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2. Venue is appropriate in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(b).

3. Card Express denies each and every matter and thing contained in Plaintiff's Amended Complaint except as hereinafter admitted or otherwise qualified herein.

4. Card Express admits Paragraph 1 of Plaintiff's Amended Complaint to the extent that on or about June 21, 2013, Card Express, Inc. entered into an agreement with Plaintiff regarding prepaid card programs and processing (the "Agreement") pursuant to which Card Express, Inc. and Plaintiff had respective rights and duties. Card Express is without sufficient information to determine the truth or falsity of the remaining allegations in Paragraph 1 of Plaintiff's Amended Complaint and, therefore, denies the same under the rules.

1

5. Paragraphs 2, 13, 16, 17, 18, 23, 43, 57 and 81 of Plaintiff's Amended Complaint refer to documents and said documents speak for themselves. To the extent a response is required, the same are denied.

6. Card Express denies Paragraphs 3, 4, 21, 27, 28, 37, 38, 41(b), 41(c), 41(d), 45, 46, 47, 51, 58, 59, 60, 62, 63, 65, 66, 67, 68, 69, 70, 74, 75, 76, 80, 82, 83 and 85 of Plaintiff's Amended Complaint.

7. Paragraphs 5, 6, 10, 44, 48, 52, 53, 54, 55, 72, 78 and 79 of Plaintiff's Amended Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Card Express denies the allegations to the extent those allegations misstate, misapply or mischaracterize any applicable statutory or common law and deny any portion of those allegations directed at Card Express and considered not to be a legal conclusion.

8. Card Express is without sufficient information to determine the truth or falsity of the allegations in Paragraphs 7 and 11 of Plaintiff's Amended Complaint and, therefore, denies the same under the rules.

9. Card Express admits Paragraph 8 of Plaintiff's Amended Complaint to the extent that Card Express, Inc. was a California corporation with its principal place of business at 200 University Avenue West, #409, San Francisco, California 94105. Card Express denies the remaining allegations in Paragraph 8 of Plaintiff's Amended Complaint.

10. Card Express admits Paragraph 9 of Plaintiff's Amended Complaint to the extent that Safahi was the founder and chief executive officer of Card Express, Inc. and that he is a resident of California. Card Express denies the remaining allegations in Paragraph 9 of Plaintiff's Amended Complaint.

11. Card Express admits Paragraph 12 of Plaintiff's Amended Complaint to the extent that Card Express, Inc. worked with banks, like Plaintiff, to market the banks' prepaid card programs and that Card Express, Inc. would contract with businesses to provide prepaid cards. Card Express denies the remaining allegations in Paragraph 12 of Plaintiff's Amended Complaint.

12. Paragraph 14 of Plaintiff's Amended Complaint refers to documents and said documents speak for themselves. To the extent a response is required, the same are denied. Card Express admits Paragraph 14 of Plaintiff's Amended Complaint to the extent that Card Express, Inc. would contract with businesses to provide prepaid cards. Card Express is without sufficient information to determine the truth or falsity of the allegations in Paragraph 14 of Plaintiff's Amended Complaint regarding to whom and when the companies would issue the prepaid cards and, therefore, denies the same under the rules. Card Express denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

13. Paragraph 15 of Plaintiff's Amended Complaint refers to documents and said documents speak for themselves. To the extent a response is required, the same are denied. Card Express admits Paragraph 15 of Plaintiff's Amended Complaint to the extent that companies would tell Card Express, Inc. how much money to load on the prepaid cards, where to send the prepaid cards, provide the funds to be loaded on the prepaid cards and pay any additional fees. Card Express denies the remaining allegations in Paragraph 15 of Plaintiff's Amended Complaint.

14. Card Express admits Paragraph 19 of Plaintiff's Amended Complaint to the extent that Card Express, Inc. provided Plaintiff with two sets of daily reports, the funding report and

flat data file, regarding the prepaid cards. Card Express denies the remaining allegations in Paragraph 19 of Plaintiff's Amended Complaint.

15. Card Express admits Paragraph 20 of Plaintiff's Amended Complaint.

16. Paragraph 22 of Plaintiff's Amended Complaint refers to documents and said documents speak for themselves. To the extent a response is required, the same are denied. Card Express admits Paragraph 22 of Plaintiff's Amended Complaint to the extent that after receiving Plaintiff's alleged breach of contract notice, with Plaintiff's agreement, Card Express, Inc. attempted to move the prepaid card business to another bank but that it was unable to do so. Card Express denies the remaining allegations in Paragraph 22 of Plaintiff's Amended Complaint.

17. Card Express admits Paragraph 24 of Plaintiff's Amended Complaint to the extent that Card Express, Inc. attempted to work with Plaintiff to find a resolution of the purported breach of contract alleged by Plaintiff. Card Express denies the remaining allegations in Paragraph 24 of Plaintiff's Amended Complaint.

18. Paragraph 25 of Plaintiff's Amended Complaint refers to documents and said documents speak for themselves. To the extent a response is required, the same are denied. Card Express admits Paragraph 25 of Plaintiff's Amended Complaint to the extent that Card Express, Inc. and Plaintiff were unable to find a resolution of the purported breach of contract alleged by Plaintiff. Card Express denies the remaining allegations in Paragraph 25 of Plaintiff's Amended Complaint.

19. Card Express admits Paragraph 26 of Plaintiff's Amended Complaint to the extent that between August 7, 2014 and September 19, 2014, Card Express, Inc. continued to perform

pursuant to the Agreement. Card Express denies the remaining allegations in Paragraph 26 of Plaintiff's Amended Complaint.

20. Card Express admits Paragraph 29 of Plaintiff's Amended Complaint to the extent that in or about September 2014, Card Express, Inc. informed Plaintiff that it was going out of business and referred Plaintiff to Card Express, Inc.'s legal counsel. Card Express denies the remaining allegations in Paragraph 29 of Plaintiff's Amended Complaint.

21. Paragraphs 30, 34, 35, 64 and 73 of Plaintiff's Amended Complaint refer to documents and said documents speak for themselves. To the extent a response is required, the same are denied. Card Express denies the remaining allegations in Paragraphs 30, 34, 35, 64 and 73 of Plaintiff's Amended Complaint.

22. Paragraph 31 of Plaintiff's Amended Complaint refers to documents and said documents speak for themselves. To the extent a response is required, the same are denied. Card Express is without sufficient information to determine the truth or falsity of the remaining allegations in Paragraph 31 of Plaintiff's Amended Complaint and, therefore, denies the same under the rules.

23. Card Express denies Paragraph 32 of Plaintiff's Amended Complaint to the extent that Card Express, Inc. unilaterally routed Card Express, Inc.'s customer service number to Plaintiff. Card Express is without sufficient information to determine the truth or falsity of the remaining allegations in Paragraph 32 of Plaintiff's Amended Complaint and, therefore, denies the same under the rules.

24. Card Express denies Paragraph 33 of Plaintiff's Amended Complaint to the extent that Card Express, Inc. or Safahi committed fraud on the companies or kept or converted funds that were supposed to be loaded to prepaid cards and delivered to Plaintiff. Card Express is

5

without sufficient information to determine the truth or falsity of the remaining allegations in Paragraph 33 of Plaintiff's Amended Complaint and, therefore, denies the same under the rules.

25. Card Express admits Paragraph 36 of Plaintiff's Amended Complaint to the extent that prior to termination of the Agreement by Plaintiff, Card Express, Inc. maintained a website and interactive voice recognition system that allowed cardholders to check card balances and review transaction histories. Card Express denies the remaining allegations in Paragraph 36 of Plaintiff's Amended Complaint.

26. Paragraph 39 of Plaintiff's Amended Complaint refers to documents and said documents speak for themselves. To the extent a response is required, the same are denied. Card Express admits Paragraph 39 of Plaintiff's Amended Complaint to the extent that Safahi was the founder and chief executive officer of Card Express, Inc. and that he engaged in communications with Plaintiff. Card Express denies the remaining allegations in Paragraph 39 of Plaintiff's Amended Complaint.

27. Card Express admits Paragraph 40 of Plaintiff's Amended Complaint to the extent that on or about September 30, 2014, Safahi purchased real estate in California. Card Express denies the remaining allegations in Paragraph 40 of Plaintiff's Amended Complaint.

28. Paragraph 41(a) of Plaintiff's Amended Complaint refers to documents and said documents speak for themselves. To the extent a response is required, the same are denied. Card Express admits Paragraph 41(a) of Plaintiff's Amended Complaint to the extent that Card Express, Inc. informed Plaintiff that it was going out of business and that Card Express, Inc. has not delivered any funds to Plaintiff since the District Court, Second Judicial District in the State of Minnesota issued a Temporary Restraining Order on or about October 14, 2014. Card Express denies the remaining allegations in Paragraph 41(a) of Plaintiff's Amended Complaint.

29. Paragraphs 42, 49, 56, 61, 71 and 77 of Plaintiff's Amended Complaint reassert previous paragraphs and do not require a response. To the extent a response is required, the same are denied.

30. Card Express admits Paragraph 50 of Plaintiff's Amended Complaint to the extent that it received funds from companies and that it transferred funds to Plaintiff. Card Express denies the remaining allegations in Paragraph 50 of Plaintiff's Amended Complaint.

31. Card Express admits Paragraph 84 of Plaintiff's Amended Complaint to the extent that Card Express, Inc. has gone out of business. The remaining allegations in paragraph 84 of Plaintiff's Amended Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Card Express denies the allegations to the extent those allegations misstate, misapply or mischaracterize any applicable statutory or common law and deny any portion of those allegations directed at Card Express and considered not to be a legal conclusion.

## **AFFIRMATIVE DEFENSES**

32. Plaintiff's Amended Complaint fails to state a claim against Card Express upon which relief can be granted.

33. Plaintiffs' damages, if any, are the result of actions or inactions of Plaintiff, third parties or other individuals or entities over who Card Express has no responsibility or control.

34. Plaintiff's Amended Complaint may be barred, in whole or in part, by the arbitration agreement.

35. Plaintiff's Amended Complaint may be barred, in whole or in part, by the doctrines of estoppel, consent, merger, release, set-off and waiver.

36. Plaintiff's Amended Complaint may be barred, in whole or in part, by its failure to mitigate its damages.

37. Plaintiff's Amended Complaint may be barred, in whole or in part, by its comparative fault and/or contributory negligence.

38. Plaintiff's Amended Complaint may be barred, in whole or in part, by the parol evidence rule.

39. Plaintiff's Amended Complaint may be barred, in whole or in part, by its failure to plead fraud with particularity.

40. Card Express reserves the right to assert such other and further affirmative defenses as it may deem appropriate based upon further investigation and discovery.

WHEREFORE, Defendants Card Express, Inc. and Alan Safahi request relief from the Court as follows:

1. Dismissing all of Plaintiff Sunrise Banks, N.A.'s claims against Defendants Card Express, Inc. and Alan Safahi in their entirety, with prejudice and on the merits.

2. Awarding Defendants Card Express, Inc. and Alan Safahi their costs, disbursements, and to the extent allowed by law, their attorneys' fees.

3. For such other and further relief as the Court deems just and equitable.

CHESTNUT CAMBRONNE PA

Dated: November 20, 2014            By /s/ Francis J. Rondoni
                                    Francis J. Rondoni (#0121903)
                                    David J. McGee (#0203403)
                                    Natalie R. Walz (#0349525)
                                    17 Washington Avenue North, Suite 300
                                    Minneapolis, MN 55401
                                    Telephone No. (612) 339-7300

                                    *Attorneys for Defendants Card Express, Inc. and Alan Safahi*