FaegreBD.com      USA ▾ UK ▾ CHINA

**Jane E. Maschka**
+1 612 766 7559
jane.maschka@FaegreBD.com

**Faegre Baker Daniels LLP**
2200 Wells Fargo Center ▾ 90 South Seventh Street
Minneapolis ▾ Minnesota 55402-3901
**Phone** +1 612 766 7000
**Fax** +1 612 766 1600

March 20, 2015

Hon. Becky R. Thorson
United States District Court
346 Federal Building
316 N. Robert Street
St. Paul, MN 55101

**Re:**  *Sunrise Banks, N.A. v. Card Express, Inc., and Alan Safahi*,
Case No. 14-CV-04760 (ADM/BRT)

Dear Judge Thorson:

The parties met in your chamber on February 24, 2015. During that meeting, we agreed that Defendants would produce insurance policies to Plaintiff Sunrise Banks, N.A. ("Sunrise"), and the parties would discuss arbitration and how they would like to proceed. The Court asked the parties to provide a joint letter with a status update within a month.

Sunrise has agreed to arbitrate its claims against CardEx and the parties will file a motion to dismiss without prejudice with respect to CardEx.

During the status conference, Defendants proposed that Sunrise should stay the claim against Mr. Safahi while the arbitration proceeded. I stated that I would ask my client to consider Defendants' proposal to stay the claim against Mr. Safahi, but that I had no authority to agree to anything along those lines. I also explained that Sunrise had stand-alone claims against Mr. Safahi (*e.g.*, fraud, conversion, business defamation, negligence, and accounting) that were not dependent on a piercing claim against CardEx, and that Sunrise was not required to stay the claims against Mr. Safahi.

Yesterday, we informed Defendants that Sunrise has decided to maintain its action against Mr. Safahi in this Court. To address any concerns about cost, Sunrise proposed that discovery in the arbitration could be used in this proceeding and vice versa.

Defendants declined to submit a joint letter, and instead filed a letter with the Court today. In that letter, Defendants assert that Sunrise agreed at the status conference to stay the matter against Mr. Safahi. That is simply not true.

Defendants argue that Sunrise should be forced to stay its claims against Mr. Safahi. But Sunrise has a right to proceed on claims against Mr. Safahi in this Court, and we are not aware of anything that would abrogate that right. Those arguments, however, are more appropriate for motion practice. Sunrise requests that, to the extent Defendants seek to stay the matter, the Court require Defendants to bring a motion so Sunrise has the opportunity to respond in the manner contemplated by the Federal Rules of Civil Procedure.

In the interim, Sunrise believes it is appropriate for the Court to set the scheduling order previously submitted by the parties.

Sunrise's counsel is available for a telephonic conference Monday, March 23rd, through Thursday, March 26th, to discuss this matter to the extent the Court deems that necessary.

Sincerely,

s/*Jane E. Maschka*
Faegre Baker Daniels LLP
Attorneys for Sunrise Banks, N.A.